UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS, | CV F   06-546 AWI DLB HC |
|           Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
|     v. | [Doc. 1] |
| J. JUNG HERNANDEZ, | |
|           Respondent. | |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      Petitioner filed the instant petition for writ of habeas corpus on May 8, 2006.  Petitioner alleges that he previously filed a civil rights action pursuant to 42 U.S.C. § 1983, which was dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

      Petitioner contends that the dismissal of the 1983 action was "malicious and unconstitutional, in violation of petitioner's rights to litigate, and produce evidence on which - beyond doubt - that the plaintiff cannot prove no set of facts in support of petitioner's claims which would entitle petitioner to reliefs [sic]." (Petition, at 8.)

      Petitioner requests the following: "(1) reverse the judgment of the District Court; (2) remand this amended complaint to further proceeding; and (3) order a new District judge and magistrate judge to preside over the petitioner/plaintiff's civil rights action." (Petition, at 13.)

///

1

DISCUSSION

The "Rules Governing Section 2254 Cases" provide that the petition:

> " . . . shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and Shall set forth in summary form the facts supporting each of the grounds thus specified."

Rule 2 (c), 28 U.S.C. § 2254. Additionally, the Advisory Committee Note to these rules explains that: " '(N)otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.' " 28 U.S.C. § 2254, p. 1111; *Quoted approvingly in* Blackledge v. Allison, 431 U.S. 63, 75 n.7, 97 S.Ct. 1621 (1977). Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause. See Allard v. Nelson, 423 F.2d 1216, 1217 (9th Cir.1970).

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254 (a). A petition for writ of habeas corpus must specify the grounds for relief. Rule 2© of the Rules Governing Section 2254 Cases. The petition must also allege the facts surrounding petitioner's incarceration. 28 U.S.C. § 2242. The petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir. 1989). In addition, a petition presented in *pro se* must be upon the form approved by the court. See Rule 2 of the Rules Governing Section 2254 Cases; Local Rule 81-190. This rule ensures that all information needed is before the court. Each ground for relief must be *clearly stated* and *allege what federal constitutional violation has occurred*, *along with providing facts that support the grounds for relief*. If a petition contains no grounds entitling the petitioner to habeas corpus relief, the court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner's claim to reinstate his section 1983 action, which was dismissed, is not cognizable under section 2254, as it does not constitutionally challenge his underlying

conviction.[1]  Therefore, the instant petition must be dismissed for failure to raise a cognizable claim under section 2254.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED for failure to raise a cognizable claim under section 2254; and

2. The Clerk of Court be directed to enter judgment, terminating this action.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 1, 2006                           /s/ Dennis L. Beck
3b142a                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The proper avenue would be for Petitioner to file a notice of appeal with the United States Court of Appeals for the Ninth Circuit.  Although the Court expresses no opinion as to the merit or availability of such appeal.

3